E-FILED
Monday, 23 September, 2013  11:46:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TIMOTHY BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3198 |
| | ) | |
| Dr. JACQUELINE MITCHELL, | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se from his detention in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on claims arising from Dr. Mitchell's alleged refusal to effectively treat Plaintiff's periodontal disease.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" <u>Alexander v. U.S.</u>, 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he suffers from periodontal disease which requires surgery. The Dentist, Dr. Mitchell, allegedly refuses to authorize or perform this surgery because Plaintiff's insurance does not cover the procedure. Dr. Mitchell's refusal has allegedly caused Plaintiff pain and suffering and damage to his teeth and health.

Accepting these allegations as true, Plaintiff states a claim for deliberate indifference to his serious dental needs. This case will therefore proceed pursuant to the standard procedures.

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to his serious dental needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

**2)     If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the**

**Court will take appropriate steps to effect formal service
through the U.S. Marshal's Service on that Defendant and will
require that Defendant to pay the full costs of formal service
pursuant to Federal Rule of Civil Procedure 4(d)(2).**

3)     With respect to a Defendant who no longer works at the
address provided by Plaintiff, the entity for whom that Defendant
worked while at that address shall provide to the Clerk said
Defendant's current work address, or, if not known, said
Defendant's forwarding address. This information shall be used
only for effectuating service.  Documentation of forwarding
addresses shall be retained only by the Clerk and shall not be
maintained in the public docket nor disclosed by the Clerk.

4)     Defendants shall file an answer within the time
prescribed by Local Rule.  A motion to dismiss is not an answer.
The answer should include all defenses appropriate under the
Federal Rules.  The answer and subsequent pleadings shall be to
the issues and claims stated in this Opinion.

5)     Plaintiff shall serve upon any Defendant who has been
served but who is not represented by counsel a copy of every filing
submitted by Plaintiff for consideration by the Court and shall also

file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

6)     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7)     This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 26, 2013, at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

8)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendants pursuant to the Court's standard procedures.**

ENTERED:  9/23/2013

FOR THE COURT:

_____**s/Sue E. Myerscough**_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE